UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
LANGSTON GOSSETT,                    )     No. C06-0441RSL
                                     )
                    Plaintiff,       )
        v.                           )     ORDER COMPELLING
                                     )     PRODUCTION
THE CITY OF SEATTLE, *et al.*,       )
                                     )
                    Defendants.      )
_____)

This matter comes before the Court on "Defendants' Motion for Protective Order Relating to IIS Files" (Dkt. # 19) and the "Submission of Seattle Police Department Internal Inveistigations [sic] Section Files for *In Camera* Review" (Dkt. # 31). Having reviewed the internal investigation section ("IIS") files pertaining to Officers Knight and Miles, the Court finds as follows:

**(1) Relevance**

Under the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any matter that is "not privileged" and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff's request for the IIS file related to plaintiff's complaint seeks relevant information that bears on the issues in this case. The contemporaneous statements of the officers and witnesses, the identification of reviewing officers, and the findings and conclusions of the department may help establish or disprove the liability of the individual officers and/or ratification by the City. In addition, this information

ORDER COMPELLING PRODUCTION

may also be used for impeachment purposes.

As noted in the Court's Order for *In Camera* Review (Dkt. # 30), plaintiff's request for IIS files unrelated to the events giving rise to this litigation was overbroad to the extent that it sought information regarding investigations that did not involve excessive force complaints. Having now reviewed all internal investigation section files related to or arising out of civilian complaints of excessive force against Officers Knight and Miles, the Court finds that only the file related to Mr. Gossett's complaint is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The other complaint(s) were ultimately determined to be unfounded and do not tend to prove or disprove any element of plaintiff's claims.

**(2) Privilege and Fed. R. Ev. 407**

Defendants argue that, even if the factual portions of the file regarding this incident are discoverable, the evaluative portions are protected by an "official information privilege" and Fed. R. Ev. 407. Allowing a complainant full and fair access to the investigative file related to his or her own complaint is not likely to discourage citizens from providing information, to result in an unexpected or unjustified disclosure of information related to the officers involved, or to thwart the department's internal review processes. Nor is there reason in this case to believe that the production of the file will invade the privacy of third parties: plaintiff already knows the names of the witnesses contacted and any additional information regarding the nature of the internal review and the identities of reviewing officers is relevant and not unnecessarily intrusive. The Court finds that the governmental privilege discussed in Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987), and Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973) (superseded by rule on other grounds), does not preclude discovery of the IIS file regarding plaintiff's complaint.

Defendants did not raise their Rule 407 objection in their motion for protective order and plaintiff has not had an opportunity to respond to that argument. Nevertheless, the

ORDER COMPELLING PRODUCTION           -2-

Court has reviewed the case law on which defendants rely and finds that the evaluative portions of the file related to plaintiff's complaint (namely pages 17 and 75-77) are discoverable. Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir. 1986), involved an appeal of an evidentiary ruling at trial, not a discovery dispute. In that context, the Ninth Circuit agreed with the trial court's decision to exclude evidence regarding the measures the City took to discipline an officer because such activities were subsequent remedial measures made inadmissible by Rule 407. The admissibility of the evaluative portions of the internal investigation section file is not currently before the Court: the only issue is its discoverability. Having determined that the information is both relevant and not privileged,[1] the Court finds that production of the entire file in discovery is appropriate.

For all of the foregoing reasons, defendants' motion for protective order is GRANTED in part. Plaintiff is not entitled to copies of the investigative file(s) related to civilian complaints lodged by third parties and may not pursue such information through depositions, interrogatories, or other discovery methods. Defendants shall, however, serve on plaintiff a copy of the internal investigation section file related to plaintiff's complaint within five days of the date of this order. If defendants believe that personal information must be redacted from the file pursuant to RCW 42.56.230(2),[2] they shall provide both plaintiff and the Court with a redacted version of the file. This discovery is provided for purposes of this litigation: neither party shall publish, use, or disseminate copies of this file except for purposes of this litigation.

---

[1] The only other case cited by defendants in support of their remedial measures argument is Segura v. City of Reno, 116 F.R.D. 42 (D. Nev. 1987), in which the court found that the evaluative summaries and recommendations regarding discipline were not relevant to the issues raised by plaintiff. The district court did not rely on Rule 407 to limit discovery.

[2] The Court finds that RCW 10.97.010 et seq., RCW 42.56.240, and RCW 70.02.010 et seq. do not apply.

ORDER COMPELLING PRODUCTION            -3-

1    DATED this 31st day of August, 2006.

2

3

4
                                            Robert S. Lasnik
                                            United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER COMPELLING PRODUCTION        -4-